Everett Doyle WELCH *v.* STATE of Arkansas

CR 05-266                                                214 S.W.3d 259

Supreme Court of Arkansas
Opinion delivered September 29, 2005

*Orvin W. Foster*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Everett Welch entered a negotiated guilty plea to one count of possession of methamphetamine with intent to deliver and was sentenced to twelve years' imprisonment in the Howard County Circuit Court. In accordance with Ark. R. Crim. P. 24.3(b), appellant's plea was conditional; therefore, he reserved the right to appeal from the circuit court's denial of his motion to suppress evidence. We decline to reach the

merits of appellant's argument because he has failed to file a sufficient record for our review pursuant to Arkansas Rule of Appellate Procedure—Civil 6.

The record reveals that on April 9, 2004, appellant filed a motion to suppress, arguing:

> The search was not a valid consensual search in that the persons obtaining the alleged consent did not do so in writing and did not advise defendant Everett Doyle Welch that he did not have to consent to said search, and was not voluntary. Defendant Everett Doyle Welch further contends that the search conducted by law enforcement officers exceeded the consent requested of him and given by him. The search was not conducted pursuant to the issuance of a search warrant, and "probable cause" or "reasonable suspicion" did not exist for such a search, as required by the U.S. Constitution, Constitution of the State of Arkansas, or under Arkansas Rules of Criminal Procedure, and should be suppressed.

Appellant's motion was heard on August 11, 2004. At the conclusion of the hearing, the circuit court stated:

> According to the old law . . . the officers followed the law. In some jurisdictions, a search like this is illegal and you can't do it without getting consent in writing or having some reason to, but — and this new law applies to houses, but I want to read it and see if it should apply to automobiles before I make a ruling, but under the old law it was okay, but I want to see if there's been any changes and I will rule on it. Maybe Friday I might read it.

The record presented to this court does not contain a ruling on appellant's motion to suppress. In order to address appellant's arguments on appeal, we must have before us the circuit court's ruling. Accordingly, we order that the record on appeal be supplemented to include the circuit court's ruling on the motion to suppress within fifteen days of the issuance of this opinion. *See* Ark. R. App. P.–Civ. 6(e) (2005).